UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

FILED

AUG 2 8 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

IN THE MATTER OF THE SEARCH
INFORMATION ASSOCIATED WITH
FACEBOOK USER SHAWN.RENFRO.2025
THAT IS STORED AT PREMISES
CONTROLLED BY META
PLATFORMS, INC

Case No. 2:25-MJ-170

**Filed Under Seal**

## APPLICATION FOR ORDER COMMANDING META PLATFORMS, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States of America, by and through Francis M. Hamilton, III, United States Attorney for the Eastern District of Tennessee, requests that the Court order Meta Platforms, Inc. not to notify any person (including the subscribers and customers who were assigned the account listed in the attached search warrant) of the existence of the attached search warrant.

Meta Platforms, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached search warrant which requires Meta Platforms, Inc. to disclose the records and information set forth in 18 U.S.C. § 2703(c)(2) to the United States, corresponding to the Facebook account(s) listed in this search warrant. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation that is neither public nor known to the targets of the investigation. As detailed in the attached Affidavit, the Federal Bureau of Investigation is currently investigating multiple individuals in different jurisdictions who have been

communicating in sexually explicit ways with a particular minor female victim. One individual utilized the social media platform Facebook for their communications with the minor. Using information returned by subpoena, investigators tracked the Facebook user account listed in the attached warrant to an address in Rogersville, Tennessee. This warrant is sought to corroborate the identity and location of the named user and seize sexually explicit communications and related data as detailed in the warrant attachment.

There is reason to believe that notification of the existence of the attached search warrant will seriously jeopardize the investigation or unduly delay an indictment by giving the target of the investigation the opportunity to change patterns of behavior or flee the district. *See 18 U.S.C. § 2705(b)(5).* Much of the evidence in this case is stored electronically; if alerted to the existence of the search warrant, the target could destroy any or all of that evidence. *See 18 U.S.C. § 2705(b)(3).*

WHEREFORE, the United States respectfully requests that the Court grant the attached order directing Meta Platforms, Inc. not to disclose the existence or content of the attached search warrant for a period of 180 days, except that Meta Platforms, Inc. may disclose the attached search warrant to an attorney for Meta Platforms, Inc. for the purpose of receiving legal advice.

Executed on August 28, 2025.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY


By: s/ *Thomas Mc Cauley*

Thomas McCauley
Assistant U.S. Attorney
TN Bar Number 035250
thomas.mccauley@usdoj.gov
220 West Depot Street, Ste. 423
Greeneville, TN 37743
423/639-6759